## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 23-512

CHANSE CEASAR

VERSUS

FLEXFORCE EMPLOYMENT PROFESSIONALS, INC.
AND ZURICH AMERICAN INSURANCE COMPANY

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 4
PARISH OF ST. LANDRY, NO. 23-00109
ANTHONY PAUL PALERMO, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

## WILBUR L. STILES
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Charles G. Fitzgerald, and Wilbur L. Stiles, Judges.

## AFFIRMED IN PART; REVERSED IN PART AND RENDERED.

**Daren Sarphie**
**Workers' Compensation, LLC**
**3045 Ridgelake Drive, Suite 203**
**Metairie, LA 70002**
**(504) 838-8883**
**COUNSEL FOR CLAIMANT/APPELLANT:**
    **Chanse Ceasar**

**Matthew D. Crumhorn**
**Rabalais Unland**
**70779 South Ochsner Blvd.**
**Covington, LA 70433**
**(985) 893-9900**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Zurich American Insurance Company**
    **Flexforce Employment Professionals, Inc.**

**STILES, Judge.**

Claimant Chanse Ceasar appeals the workers' compensation judge's final judgment rendered on June 15, 2023, denying his appeal and affirming the Office of Workers' Compensation Medical Director's denial of his request for treatment. The final judgment further denied Mr. Ceasar's request for penalties and attorney's fees. For the following reasons, we reverse the part of the final judgment denying Mr. Ceasar's request for treatment but affirm the denial of penalties and attorney's fees.

## FACTS AND PROCEDURAL HISTORY

On July 17, 2020, Claimant Chanse Ceasar ("Mr. Ceasar") was working at Republic National Distributing Co., LLC as part of his employment with Flexforce Employment Professionals, Inc. when he injured his lower back while moving cases of liquor. Flexforce Employment Professionals, Inc. and Zurich American Insurance Co. ("Defendants") did not dispute that Mr. Ceasar suffered an accident at work and accepted his lumbar spine injury as compensable. Workers' compensation benefits, indemnity, and medical have been paid to Mr. Ceasar.

In April of 2021, Dr. Neil Romero, Mr. Ceasar's treating orthopedic surgeon, recommended surgery, specifically a laminectomy and noninstrumented fusion. Mr. Ceasar was eventually cleared by the Office of Workers' Compensation ("OWC") to undergo this surgery in April of 2022 and the surgery was scheduled for July 14, 2022. However, a pre-operative chest x-ray and exam showed left costophrenic angle blunting with bands of atelectasis on Mr. Ceasar's lungs. The surgery was cancelled pending an evaluation from a pulmonologist and assurances that Mr. Ceasar could safely undergo anesthesia during the surgery on his back.

A report from Fleur de Lis Family Healthcare ("Fleur de Lis") dated September 21, 2022, explained that Mr. Ceasar had a chest CT on October 24, 2021,

which revealed a nodule. A pulmonologist opined that it was low suspicion for malignancy and recommended repeat scans in six months and a year. Mr. Ceasar had a chest CT in February of 2022, but did not have another follow-up until October 8, 2022. There is no dispute that these pulmonary conditions are unrelated to Mr. Ceasar's on-the-job accident and the resulting workers' compensation claim.

In an effort to get Mr. Ceasar cleared for surgery by a pulmonologist, Fleur de Lis submitted on October 20, 2022 a Request for Authorization (LWC Form 1010) requesting a pulmonologist referral. A second Request for Authorization (LWC Form 1010) requesting a pulmonologist referral was submitted on November 16, 2022. When no response was received to either of the 1010 forms, Fleur de Lis filed on November 28, 2022 a Disputed Claim for Medical Treatment (LWC Form 1009). This disputed claim was denied by the OWC Medical Director on December 27, 2022. The Medical Director's basis for denying the requested pulmonologist referral was that there was no documentation of why the referral was needed, nor note discussing Mr. Ceasar's status, whether the treatment requested was needed preoperatively, or any other specifics regarding why the treatment was reasonable and necessary.

On January 5, 2023, Mr. Ceasar filed a Disputed Claim for Compensation (LWC Form 1008) with the OWC, appealing the Medical Director's denial of his request for the referral to a pulmonologist, as well as seeking penalties, attorney's fees, reimbursement of costs, and judicial interest. Trial was held on February 6, 2023. After taking the matter under advisement, the workers' compensation judge rendered a Final Judgment on June 15, 2023, denying Mr. Ceasar's appeal in favor of Defendants and against Mr. Ceasar and upholding the OWC Medical Director's

denial of treatment. The workers' compensation judge further ordered "no penalties and attorney fees are awarded."

Mr. Ceasar has now appealed the final judgment of the workers' compensation judge, asserting the following three assignments of error:

1. The Trial Court committed legal error in not reversing the Medical Director's denial of a referral to a pulmonologist to clear Claimant-Appellant for surgery.

2. The Trial Court committed legal error in denying Claimant-Appellant's claims for penalties and attorney fees.

3. The Trial Court committed legal error in denying Claimant-Appellant's claims for costs and legal interest.

## DISCUSSION

### *Referral to Pulmonologist*

Mr. Ceasar asserts that the workers' compensation judge erred in not finding clear and convincing evidence that the pulmonologist referral was medically necessary to clear him for surgery. Louisiana Revised Statutes 23:1203(A) states that "the employer shall furnish all necessary drugs, supplies, hospital care and services, medical and surgical treatment, and any nonmedical treatment recognized by the laws of this state as legal[.]" Louisiana Revised Statutes 23:1203.1(I) specifies that "medical care, services, and treatment due, pursuant to La.R.S. 23:1203 et seq., by the employer to the employee shall mean care, services, and treatment in accordance with the medical treatment schedule." Mr. Ceasar argues that the requests for the referral to a pulmonologist clearly stated that the purpose for the referral was for him to be cleared for the surgery needed to treat his work-related back injury. The OWC claims adjuster assigned to his case testified at trial that the 1010 requests were not approved because they requested both an evaluation and treatment. However, Mr. Ceasar maintains that the 1010 and 1009 forms submitted by Fleur de Lis requested

*only* a referral and say nothing about evaluation *and* treatment. He suggests that if the OWC claims adjuster had concerns about what exactly was being requested, she could have approved the request "with modifications," as allowed on the 1010 forms, or requested additional information.

In their appellee brief, Defendants contend that the October 20, 2022 and November 16, 2022 1010 forms submitted on behalf of Mr. Ceasar listed a diagnosis of "Abnormal Chest CT," but provided no other information regarding the treatment needed for the diagnosis. Additional medical records may indicate that Mr. Ceasar needed to be seen by a pulmonologist before being cleared for the surgery on his back. However, the documentation submitted to Defendants and the OWC medical director were incomplete and confusing. Defendants submit that Mr. Ceasar has a history of pulmonary conditions that pre-existed his work-related accident and are unrelated to this workers' compensation claim. They note that he underwent two chest CT scans in October 2021 and February 2022 and was examined by a pulmonologist prior to the requests contained in the 1010 forms sent October and November 2022.[1] No documentation was included with the 1010 forms submitted by Fleur de Lis explaining why an additional evaluation was warranted. Thus, Defendants contend that, as Mr. Ceasar did not provide sufficient documentation to support his 1010 requests, the OWC Medical Director correctly denied the requested treatment.

---

[1]    Mr. Ceasar acknowledges in his appellant brief that Defendants had approved a pulmonology examination and two chest CT scans prior to the request for a pulmonologist referral at issue in this appeal. In addition, the medical records from Fleur de Lis which were introduced into the record at trial indicate that Mr. Ceasar had a CT of his chest on October 24, 2021, after which he saw a pulmonologist named Dr. Guidry. The medical records further show that he had a second CT of his chest done in February of 2022.

As noted above, Fleur de Lis submitted two requests to the OWC claims adjuster for authorization for a pulmonologist referral (the 1010 forms). When Fleur de Lis did not receive a response to these requests for authorization within five days, as required by La.R.S. 23:1203.1(J)(1), it filed an appeal with the OWC Medical Director, again requesting authorization for a pulmonologist referral (the 1009 form). The OWC Medical Director denied the request on December 27, 2022, stating, "All records submitted were reviewed. The documentation submitted does not support the approval of the requested services in review for compliance with the Medical Treatment Schedule." It was further noted by the OWC Medical Director that "[t]here is no documentation of why the referral is needed. There is no note discussing the patient's status or whether this is needed preoperatively or any other specifics."

After the Medical Director denied his request, Mr. Ceasar appealed to the workers' compensation judge by filing a Disputed Claim for Compensation, as provided for in La.R.S. 23:1203.1(K) (the 1008 form). Pursuant to La.R.S. 23:1203.1(K), the workers' compensation judge may overturn the Medical Director's decision "when it is shown, by clear and convincing evidence, the decision of the medical director or associate medical director was not in accordance with the provisions of this Section." The workers' compensation judge in this matter upheld the Medical Director's decision denying the referral to a pulmonologist, specifically finding "that there's no clear and convincing evidence that the medical director's determination in denying the referral to the pulmonologist is clearly wrong."

Appellate courts review the factual determinations of a workers' compensation judge under the manifest error or clearly wrong standard of review.

*Banks v. Indus. Roofing & Sheet Metal Works, Inc.*, 96-2840 (La. 7/1/97), 696 So.2d 551. When applying this standard of review, "the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one." *Id.* at 556. Thus, the findings of the workers' compensation judge will not be overturned by the appellate court unless there is no reasonable basis to support the decision. *Guidry v. Am. Legion Hosp.*, 14-1285 (La.App. 3 Cir. 4/1/15), 162 So.3d 728.

Mr. Ceasar has asserted in his assignments of error that the workers' compensation judge committed legal error in his decision to uphold the Medical Director's denial of treatment and refusal to award penalties and attorney's fees. This court addressed review of an alleged legal error by the workers' compensation judge in *Harper v. Boise Paper Holdings, LLC*, 17-602, p. 3 (La.App. 3 Cir. 12/6/17), 258 So.3d 651, 654, *writ denied*, 18-24 (La. 2/23/18), 237 So.3d 118, citing *Simmons v. LUBA Workers' Comp.*, 16-253, p. 3 (La.App. 3 Cir. 11/2/16), 206 So.3d 397, 401-02, for the appropriate standard of review:

> When an error of law is alleged in appeal, the appellate court must determine whether the WCJ's ruling was legally correct. *Edwards v. Ford Motor Co.*, 06-101 (La.App. 3 Cir. 6/21/06), 934 So.2d 221, *writ denied*, 06-1847 (La. 10/27/06), 939 So.2d 1282. If the appellate court's review reveals a reversible error of law, it must conduct a de novo review of the record and render judgment on the merits if possible. *Bridges v. Nelson Indus. Steam Co.*, 15-1439 (La. 5/3/16), 190 So.3d 276. "A legal error occurs when a trial court applies incorrect principles of law and such errors are prejudicial." *Evans v. Lungrin*, 97-541, 97-577, p. 7 (La. 2/6/98), 708 So.2d 731, 735. Such "errors are prejudicial when they materially affect the outcome and deprive a party of substantial rights." *Id.*

In reviewing the workers' compensation judge's decisions in this case, we look first to the two 1010 forms submitted by Fleur de Lis requesting authorization for a pulmonologist referral. On both of these 1010 forms, "ABNORMAL CHEST

6

CT" is stated as the diagnosis. However, the sections entitled "Requested Treatment or Testing" and "Reason for Treatment or Testing" have been left blank. An additional form attached to these requests by Fleur de Lis lists the "Subject" as "ct results." It then states under "Case Description":

> [A]ttempted to contact [patient] but number in chart states call is rejected when dialed, findings in ct show opacities in several areas, thickening probably either scarring or atelectasis trace pleural effusion. [W]e need to send [patient] to pulmonology. [Nurse practitioner] is not comfortable with him undergoing anesthesia w/o being seen by pulmonology first.

It is further noted on this additional form that "[n]o attachments have been added to this case." Finally, "PULMONOLGIST REFERRAL" is listed next to "Orders/Prescriptions created."

We next look to the 1009 form, Disputed Claim for Medical Treatment, filed by Fleur de Lis after receiving no response to the 1010 forms from the OWC claims adjuster. Under the section of the 1009 form asking the medical provider to "provide a summary of the details regarding the issue at dispute," the nurse practitioner at Fleur de Lis has typed, "I am trying to get patient a referral to a Pulmonologist and workers comp [sic] has not responded. He is needing this to be cleared for surgery. He has had an abnormal CT Chest."

Attached to the 1009 form submitted to the OWC Medical Director are copies of the previously submitted 1010 forms as well as a report from Envision Imaging dated October 18, 2022, explaining the chest CT performed on Mr. Ceasar and the findings. We note, however, that the report from Envision Imaging does not make any reference to Mr. Ceasar's back surgery or the need for clearance from a pulmonologist before undergoing anesthesia.

7

A Medical Guidelines Dispute Decision was issued on December 27, 2022, by the OWC Medical Director assigned to the disputed claim. The "Reviewed Services," listed as "Pulmonologist referral," were "Denied," with the Medical Director explaining that "[t]he documentation submitted did not support the approval of the requested services in review for compliance with the Medical Treatment Schedule." Specifically, nothing in the forms or report submitted by Fleur de Lis documented why a referral to a pulmonologist was needed to treat Mr. Ceasar's injuries caused by the work-related accident.

Mr. Ceasar next filed an appeal of the OWC Medical Director's denial of the requested pulmonologist referral—a Disputed Claim for Compensation using the 1008 form. This form includes a section asking the medical provider to "[d]escribe the accident and injury in detail," next to which is typed "while in the course and scope of his employment the injured employee was moving cases of beverages when he injured his lower back." Next to "Medical treatment (Procedure/Prescription)" is typed "Pulmonologist referral for surgery clearance recommended by Dr. Michelle Sonnier not authorized." Attached to the 1008 form as Exhibit A are the 1009 form, the 1010 forms, and the report from Envision Imaging. Attached as Exhibit B is the Medical Guidelines Dispute Decision issued by the OWC Medical Director.

A trial for Mr. Ceasar's appeal was held before the workers' compensation judge on February 6, 2023. Ashley Simmons, the claims adjuster assigned to Mr. Ceasar's worker's compensation claim, testified at trial. She acknowledged that the only thing preventing Mr. Ceasar from undergoing surgery on his back was clearance from a pulmonologist. However, the request for a referral to a pulmonologist had not yet been cleared "[b]ecause they want him to be evaluated and treated at this current time." When pressed further by Mr. Ceasar's attorney on

8

why Mr. Ceasar had not yet been seen by a pulmonologist, Ms. Simmons responded that on January 27, 2023, she called Fleur de Lis and explained that she would authorize the evaluation of Mr. Ceasar by a pulmonologist, but not treatment by a pulmonologist. She further explained in the phone call to Fleur de Lis that she required a new 1010 form requesting only an evaluation with a pulmonologist. At the time of trial, Ms. Simmons had not yet received an updated 1010 form specifically requesting only the evaluation of Mr. Ceasar by a pulmonologist.

After taking the matter under advisement, the workers' compensation judge upheld the OWC Medical Director's denial of the treatment. Mr. Ceasar requested that the workers' compensation judge issue written findings of fact and reasons for judgment. In response thereto, the workers' compensation judge adopted as Written Reasons for Judgment his oral ruling which he read into the record on June 15, 2023:

> This matter revolves around a determination by the medical director. The medical director denied the treatment requested because no documentation was provided about why the referral was needed. There's no evidence that this decision was contrary to the medical guidelines.

> The Court finds that there's no clear and convincing evidence that the medical director's determination in denying the referral to a pulmonologist is clearly wrong.

> Therefore, the Court denies the 1009 appeal.

After a review of the evidence submitted in the record, we find that the worker's compensation judge committed legal error in holding that the Medical Director's decision was not contrary to the medical guidelines. In *Harper*, 258 So.3d 651, this court found that the workers' compensation judge erred in not finding that the procedure requested by the employee's doctors was authorized by the Medical Treatment Guidelines. While the facts of *Harper* are not directly on point to the matters before this court in the instant appeal, its holding and rationale demonstrate

9

the errors upon which this appeal is based. The pulmonologist referral is not a Medical Treatment Guideline issue. It is a pre-operation examination necessary to clear Mr. Ceasar for a surgery that did fall under the Medical Treatment Guidelines and that Mr. Ceasar was already approved to have. As acknowledged by the claims adjuster in her testimony at trial, clearance from a pulmonologist was the only thing preventing Mr. Ceasar from undergoing the approved surgery on his back. Failing to approve the pulmonologist referral did nothing but prolong Mr. Ceasar from undergoing surgery and added further medical expense to manage the pain that the surgery is intended to resolve. As acknowledged by both Defendants and Mr. Ceasar in their briefs, Defendants had previously approved a pulmonology examination and two chest CT scans, thereby demonstrating that a pulmonologist's clearance prior to surgery was medically necessary. "Medical necessity remains the touchstone for an employer's obligation to pay for medical care." *Bayou Shrimp Processors, Inc. v. Delahoussaye*, 20-366, p. 12 (La.App. 3 Cir. 11/25/20), 307 So.3d 1105, 1112 (quoting *Smith v. Graphic Packaging, Inc.*, 51,590, pp. 4-5 (La.App. 2 Cir. 9/27/17), 244 So.3d 755, 759, *writ denied*, 17-1806 (La. 12/15/17), 231 So.3d 640).

Based on the above, we reverse the workers' compensation judge's decision to uphold the Medical Director's denial of the requested referral to a pulmonologist. We find that Mr. Ceasar is entitled to the referral to a pulmonologist for the explicit purpose of clearing him for the back surgery previously approved for his treatment.

***Penalties and Attorney Fees***

Mr. Ceasar next asserts that the workers' compensation judge erred in failing to award him penalties and attorney fees for Defendants' failure to timely approve the pulmonologist referral. He notes that the OWC claims adjuster assigned to his claim testified at trial that he did need to be cleared by a pulmonologist prior to his

back surgery, but that she was just waiting on an updated 1010 form from Fleur de Lis. Thus, Mr. Ceasar argues that Defendants recognized the need for the referral to a pulmonologist but simply denied the request based on a technicality.

The assessment of penalties and award of attorney fees is discussed in *Smith*, 244 So.3d at 763-64 (citations omitted):

> Louisiana [Revised Statutes] 23:1201(F) governs the assessment of penalties and award of attorney fees for an employer's or insurer's failure to authorize medical treatment. Louisiana [Revised Statutes] 23:1201(F)(2) provides that Subsection (F) is inapplicable if the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control.
>
> In order to reasonably controvert a claim, the defendant must have some valid reason or evidence upon which to base the denial of benefits. Reasonably controverting a claim means that the employer or insurer has sufficient factual and medical information to reasonably counter that provided by the claimant. The crucial inquiry in determining whether to impose penalties and attorney fees is whether the payor had an articulable and objective reason to deny payment at the time it took action.
>
> Awards of penalties and attorney fees in workers' compensation cases are essentially penal in nature and are intended to deter indifference and undesirable conduct by employers and insurers toward injured employees. The [workers' compensation judge's] grant or denial of penalties and attorney fees in a workers' compensation case is subject to manifest error review.

Defendants contend in their appellee brief that they had reasonable grounds to deny the requested treatment and, therefore, Mr. Ceasar is not entitled to penalties and attorney fees. Defendants maintain that the 1010 forms submitted by Fleur de Lis were seeking authorization to treat with a pulmonologist. Mr. Ceasar's pulmonary conditions existed prior to the work-related accident and were in no way related to his worker's compensation claim. As noted above, Mr. Ceasar had previously undergone two CT scans on his chest and been seen by a pulmonologist. In addition, Defendants submit that the requests for a pulmonologist referral

11

contained in the 1010 forms and 1009 appeal were not supported by documentation about why the referral to a pulmonologist was needed.

Applying the manifest error standard of review, we find that the workers' compensation judge did not commit manifest error in denying Mr. Ceasar's request for penalties and attorney fees. It was reasonable for the judge to find that Defendants had an articulable and objective reason to deny the requested referral as the confusion resulting in the denial was as much the fault of the medical providers and patient in reference to the purpose and necessity for the pulmonologist referral.

### *Costs and Legal Interest*

Finally, Mr. Ceasar asserts that the workers' compensation judge committed legal error in failing to assess costs of the proceedings against Defendants and in failing to award judicial interest on all penalties, costs, and attorney fees awarded. Included in Mr. Ceasar's appeal of the Medical Director's denial of his request for pulmonologist referral was a request for reimbursement of the costs expended in these proceedings as well as judicial interest.

Louisiana Revised Statutes 23:1310.9 provides for the assessment of costs in a workers' compensation proceeding against a party who has unreasonably denied payment of benefits. The workers' compensation judge did not find that Defendants unreasonably denied the requested treatment. As stated above, under the manifest error standard of review, we find it was reasonable for the judge to find that Defendants had an articulable and objective reason to deny the requested referral, and thus, decline to assess costs against them.

Louisiana Revised Statutes 23:1201.3(A) provides, in part, "Any compensation awarded and all payments thereof directed to be made by order of the workers' compensation judge shall bear judicial interest from the date compensation

12

was due until the date of satisfaction." Mr. Ceasar has asked for an award of judicial interest on any penalties, costs, and attorney fees awarded to him in these proceedings. As none have been awarded to him, this issue is moot.

## DECREE

For the foregoing reasons, the workers' compensation judge's June 15, 2023 final judgment is affirmed in the denial of penalties and attorney's fees. However, we reverse the workers' compensation judge's decision to uphold the Office of Workers' Compensation Medical Director's denial of the requested treatment, finding that Claimant/Appellant is entitled to the referral to a pulmonologist for the explicit purpose of clearing him for the pre-approved surgery on his back. Costs of this proceeding are assessed to Defendants/Appellants, Flexforce Employment Professionals, Inc. and Zurich American Insurance Company.

**AFFIRMED IN PART; REVERSED IN PART AND RENDERED.**